UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEDDY LAWRENCE BONIECKI,

    Plaintiff,

                                        Civil Case No. 13-cv-14600
v.                                        Honorable Patrick J. Duggan

BETSY MELLOS,

    Defendant.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS

On November 5, 2013, Plaintiff filed a complaint in this Court against Betsy Mellos and an application to proceed *in forma pauperis*. According to Plaintiff's Complaint, Ms. Mellos is an assistant prosecutor for Macomb County, Michigan. Plaintiff claims that Ms. Mellos is "holding charges against [him] and attempting to fraudulently get a conviction in the county court even with knowledge that the two charges . . . erupted from an unlawful search and seizure of an automobile by two Michigan State Troopers." (ECF No. at 4.) Plaintiff further asserts that he attempted to file a motion to suppress in the state court but the clerk refused to accept the motion because it was not signed. (*Id*. at 5.) Plaintiff has brought numerous cases to this District challenging in one way or another the pending

criminal charges.[1]  Those cases have been rejected and so must Plaintiff's current action.

At any time, a district court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations therein "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372 (1974) and *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)). Plaintiff's Complaint against Ms. Mellos is devoid of merit because it relates to her

---

[1]On three occasions, Plaintiff has attempted to remove the state criminal case to federal court. *See State of Michigan v. Boniecki*, Case No. 11-15063 (E.D. Mich. filed Nov. 16, 2011), Case No. 11-12011 (E.D. Mich. filed May 6, 2011 ), Case No. 10-12875 (E.D. Mich. filed July 21, 2010).  Those matters were all remanded to state court.  In 2010, Plaintiff sued the state troopers and Michigan court judges.  *See Boniecki v. Stewart, et al.*, No. 10-12991 (E.D. Mich. filed July 29, 2010).  He appealed the dismissal of his complaint by the Honorable Stephen J. Murphy III all the way to the United States Supreme Court which denied his petition for certiorari.  *See Boniecki v. Stewart*, 133 S. Ct. 1464 (Feb. 25, 2013).

In 2011, Plaintiff filed a petition for writ of habeas corpus challenging the pending criminal charges and jurisdiction of the state court.  *See Boniecki v. State of Michigan, et al.*, No. 11-14824 (E.D. Mich. filed Nov. 2, 2011).  In 2013, he sued the Justices of the Supreme Court based on their February 25, 2013 denial of his petition for writ of certiorari.  *Boniecki v. Scalia, et al.*, No. 13-11660 (E.D. Mich. filed April 12, 2013).  That year, he also sued the United States Attorney for the Eastern District of Michigan, an attorney in her office, and the Federal Bureau of Investigations for failing to investigate the Michigan State Troopers involved in the traffic stop that led to the state court charges.  *Boniecki v. Macquade, et al.*, No. 13-12903 (E.D. Mich. filed July 3, 2013).

pursuit of criminal charges against him. A prosecutor is absolutely immune from suit, including suits seeking monetary relief, for actions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 995-96 (1976); *see also Burns v. Reed*, 500 U.S. 478, 491, 111 S. Ct. 1934, 1941-42 (1991) (quoting *Imbler*); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002). This immunity extends to a prosecutor's decision to file a criminal complaint. *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). Absolute prosecutorial immunity is not overcome by a showing that the prosecutor acted wrongfully or maliciously. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989).

Further, when the success of a civil rights action necessarily implies the invalidity of a future conviction that might be entered on a pending criminal charge, the action does not accrue until the charges are dismissed. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005); *see also Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994); *Schilling v. White*, 58 F.3d 1081 (6th Cir.1995).

Accordingly,

**IT IS ORDERED**, that Plaintiff's Complaint is *sua sponte* **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(1);

**IT IS FURTHER ORDERED**, that Plaintiff's application to proceed *in*

*forma pauperis* is **DENIED**.

Dated: November 19, 2013                s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copy to:
Teddy Lawrence Boniecki
28014 Walker Avenue
Warren, MI 48092